**UNITED STATES DISTRICT COURT**       **CIVIL CONFERENCE**
**EASTERN DISTRICT OF NEW YORK**     **MINUTE ORDER**

BEFORE:    A. KATHLEEN TOMLINSON      DATE:   <u>6/13/2012</u>
           U.S. MAGISTRATE JUDGE        TIME:   <u>10:30 a.m.</u>

*Proctor v. Cagno, et al.*, **CV 10-5981 (SJF) (AKT)**

TYPE OF CONFERENCE:     **STATUS CONFERENCE**

APPEARANCES:    Plaintiff:     Stephen R. Krawitz

               Defendants:   Arlene Zwilling (Andrew Hefferman)
                             Jeltje DeJong (Southampton Town PD defendants)

SCHEDULING:

     The next Status Conference will be held on November 2, 2011 at 11 a.m.

THE FOLLOWING RULINGS WERE MADE:

1.    Counsel has now come into this case on behalf of the plaintiff. The case was previously stayed because of plaintiff's incarceration. Plaintiff has now been released from jail and discovery can proceed. I met with all of the parties today to put a schedule in place. The Case Management and Scheduling Order ("CMSO") is being entered separately. To the extent Rule 26(a) Initial Disclosures have not been served, the parties are directed to serve their disclosures by July 2, 2012.

2.    Plaintiff's new counsel advised that plaintiff's conviction has been vacated and he has been released after spending two years in jail. Counsel wishes to amend the Complaint.

    Counsel for the Southampton defendants noted that the defendant previously pleaded guilty to 12 counts of possession with intent to sell controlled substances. Counsel for both defendants noted that an unsealing order will be necessary to obtain the underlying criminal record. After speaking with counsel, it appears that a stipulation to unseal is sufficient. The parties will confer and execute the necessary stipulation within 15 days.

    In light of the developments in this case, the defendants have agreed that the proper course of action at this time is to withdraw the pending summary judgment motions, without prejudice. The Court agrees. The parties will execute a stipulation to this effect and will file the same on ECF by June 29, 2012 for Judge Feuerstein's action.

3.    It also appears that the plaintiff has considered dropping the assistant district attorney from this action. If counsel intends to proceed, I have directed that the stipulation be drafted, reviewed and executed by the respective parties within ten (10) days.

4.    Plaintiff should prepare the proposed amended complaint and give defendants' counsel an opportunity to review the amended pleading. If counsel can agree to the amended pleading, then the parties need to file a stipulation reflecting that fact, along with the actual Amended Complaint. The stipulation and amended pleading are to be filed on ECF by July 16, 2012. If

the parties are unable to agree, counsel are directed to contact Chambers immediately to set up a briefing schedule for plaintiff's contemplated formal motion to amend.

5.  Plaintiff's counsel has been directed to provide HIPAA-compliant records release authorizations to Defendant's counsel by July 6, 2012.

6.  Based upon the discussion today, it looks as if a Stipulation and Order of Confidentiality will be needed during the discovery and trial phases of this case, particularly in light of the production of plaintiff's medical records. Therefore, I am directing the parties to work on a proposed document that can be forwarded to me after execution by the parties to be reviewed and "so ordered." That Order will then become part of the Court record. The proposed stipulation is to be filed on ECF by July 31, 2012.

7.  Both sides wish to conduct discovery. Therefore, any requests for documents or interrogatories must be served by August 31, 2012. The responses are due no later than October 3, 2012. Counsel have been cautioned that based on Judge Feuerstein's practices, these dates will not be extended and counsel should be guided accordingly with regard to all deadlines set forth in the CMSO.

8.  The deadline to make a formal motion under the Federal Rules to add parties or amend the pleadings is October 17, 2012. If the movant is unable to obtain consent to the amendment by way of Stipulation, then counsel must file opening motion papers and memorandum of law by October 17, 2012. The parties are free to agree on a full briefing schedule with the understanding that the opening papers must be served by that date. The motion is returnable before me and counsel are encouraged to review my Individual Practice Rules which are available on the EDNY website.

9.  The parties may retain experts for this action. Any party who intends to utilize an expert for its case-in-chief must serve the expert report(s) and all disclosures required under Rule 26 no later than January 28, 2013. The deadline for rebuttal expert reports and disclosures is March 7, 2013. Expert depositions must be completed by March 22, 2013.

    **Plaintiff's counsel is directed to notify the Court and opposing counsel by July 6 whether or not the plaintiff will be proceeding with an expert.**

10. If either party intends to move for summary judgment, counsel are directed to Judge Feuerstein's Individual Practice Rules (note, in particular, the "bundle rule"). The following schedule is in place for summary judgment briefing:

    •   Movant's motion papers, Rule 56.1 Statement of Undisputed Facts, and memorandum of law must be served by April 26, 2013;

    •   Opposition papers, Rule 56.1 Counterstatement, and memorandum of law must be served by May 24, 2013;

    •   Reply papers, if any, to be served by May 31, 2013.[1]

---

[1]   These dates are subject to change (i.e., moved to an earlier date) if plaintiff decides not to proceed with an expert.

11.     As set forth in my Individual Rules, as well as the Case Management and Scheduling Order entered today, **three business days before the November 2, 2012 status conference, the parties are directed to file a discovery status report** setting forth the following information: (1) confirming that all paper production has been completed and that any objections to each other's productions have been resolved (and if not, state why not); (2) confirming that each party's interrogatory responses have been certified by the client as to their accuracy and completeness and that any objections to each other's interrogatory responses have been resolved (and if not, state why); (3) stating whether there are any outstanding discovery disputes; if so, each attorney must set forth the legal support for the position being taken on behalf of the client (i.e., provide the case citations for any cases relied upon to support the argument being made on behalf of the client and further state the proposition from that case which counsel asserts supports his/her argument); and (4) confirming that counsel have conferred with each other and reached an agreement concerning whom they wish to depose in the case, including both party and non-party witnesses and providing an end-date by which those depositions will be completed.   Once these four items have been addressed in the report, the parties are to confirm whether discovery is proceeding on schedule.  If all discovery to that date has been completed in compliance with the Case Management and Scheduling Order, and if there are no pending disputes requiring court intervention, the parties may request an adjournment or cancellation of the discovery status conference.   If warranted, I will cancel or adjourn the conference.  **NOTE**: Any status report that does not specifically and individually address the four categories noted above will be returned to the parties as non-compliant, even where the parties may be seeking an adjournment/cancellation.

12.     Also as set forth in my Individual Rules, as well as the Case Management and Scheduling Order entered today,  **no less than two business days before the pretrial conference,** the attorney for each party  must submit by mail or fax (not by ECF) a one to two-page, *ex parte* statement of his/her client's settlement position.

13.     In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good faith to resolve any outstanding discovery disputes.  If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing the appropriate letter motion as expeditiously as possible.  Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so.  Failure to comply with the certification requirement will result in the motion being returned to the moving party.  Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (*n o t* merely an exchange of e-mails or letters).

        If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court.  Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.

14.     Under existing Second Circuit case law, any amendments or modifications to this Order or to the accompanying Case Management and Scheduling Order must be approved in advance by the Court.  Therefore, the parties are not free to grant each other extensions of any deadline set

forth in these Orders.  All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court in advance of the expiration of the deadline.  The parties are directed to my Individual Practice Rules for further information.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge