UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MOHAMMED PROCTOR,  ,  Docket No.: 10-CV-5981 (SJF)(AKT)

                Plaintiff,

                                            AMENDED COMPLAINT

        -against-

TOWN OF SOUTHAMPTON, TOWN OF SOUTHAMPTON
POLICE DEPARTMENT, VINCENT CAGNO #205ISCU,  JURY TRIAL DEMANDED
SARGEANT KIERNAN #29ISCU, ERIC SICKLES, and
"JOHN DOES 1-13",

                Defendants.
----------------------------------------X

Plaintiff MOHAMMED PROCTOR, by his attorneys STEPHEN R. KRAWITZ, LLC, as and for his Amended Complaint, respectfully alleges, upon information and belief the following:

## JURISDICTION

1. Jurisdiction of this Court is invokes pursuant to 28 U.S.C. §§ 1331, 1343, 1367 and 42 U.S.C. §§ 1981, 1983 and 1985 (3). This action arises under the First, Fourth, Fifth, Eight and Fourteenth Amendments to the Constitution of the United States of America, the Constitution of the State of New York, and under the common law of the State of New York. Plaintiff respectfully requests that this Court exercise pendent jurisdiction over the state law claims arising out of the same facts and occurrences as do plaintiff's Federal claims.

2. At all times hereinafter mentioned the plaintiff MOHAMMED PROCTOR resides at 101 Priscilla Avenue, Riverhead, County of Suffolk, State of New York, and is a citizen of the United States.

3. At all times herein mentioned, defendant THE TOWN OF SOUTHAMPTON, was and still is a municipal corporation, created, organized and existing under and by virtue of the laws of the State of New York, and is responsible for hiring, employing, promoting and/or firing members of the TOWN OF

SOUTHAMPTON POLICE DEPARTMENT, as well as training, supervising, instructing, and disciplining members of the police department.

4. That at all times relevant hereto, the defendant THE TOWN OF SOUTHAMPTON, had the power, right and duty to control the manner in which the individual defendants carried out the objectives of their public and police functions and employment and to see that all orders, rules, instructions and regulations promulgated for the TOWN OF SOUTHAMPTON POLICE DEPARTMENT were consistent with the Constitution of the United States and its amendments, Federal statutes, and the laws of the State of New York.

5. The individual defendants involved in the incident underlying this lawsuit were at all times mentioned in this complaint, agents, servants and/or employees acting within the scope of their employment and authority with the TOWN OF SOUTHAMPTON and the TOWN OF SOUTHAMPTON POLICE DEPARTMENT, and were duly employed as police officers, detectives, and/or investigators within the TOWN OF SOUTHAMPTON POLICE DEPARTMENT, and acting in their official capacity and under color of law that is under the Constitution, statutes, laws, charter, ordinances, rules, regulations, custom and usages of the United States of America, the State of New York and the TOWN OF SOUTHAMPTON.

6. At all times herein mentioned, defendant THE TOWN OF SOUTHAMPTON POLICE DEPARTMENT, is a governmental subdivision of THE TOWN OF SOUTHAMPTON, a municipal corporation, created, organized and existing under and by virtue of the laws of the State of New York.

7. The defendant , VINCENT CAGNO #205ISCU, at all times herein mentioned was and still is a resident of the State of New York, and is a citizen of the United States.

8. The defendant , SARGEANT KIERNAN #29ISCU, at all times herein mentioned was and still is a resident of the State of New York, and is a citizen of the United States.

9.  The defendant, ERIC SICKLES at all times herein mentioned was and still is a resident of the State of New York, and is a citizen of the United States.

10. The defendants "JOHN DOES1-13," at all times mentioned were and still are residents of the State of New York, and are citizens of the United States.

11. That at all times hereinafter mentioned the defendants VINCENT CAGNO, SERGEANT KIERNAN and ERIC SICKLES are employees of the TOWN OF SOUTHAMPTON POLICE DEPARTMENT, whose principal place of business is located at 110 Old Riverhead Road, Hampton Bays, NY 11946.

12. That at all time hereinafter mentioned the defendants "JOHN DOES 1-13" are employees of the TOWN OF SOUTHAMPTON POLICE DEPARTMENT, whose principal place of business is located at 110 Old Riverhead Road, Hampton Bays, NY 11946.

13. This action is brought pursuant to aforementioned sections of the United States Code, and therefore pursuant to 28 U.S.C. §1391(b), therefore jurisdiction and venue are proper.

## PRELIMINARY STATEMENT OF CLAIM

14. On April 21, 2010 at approximately 3:40 - 4:00 pm, the Southampton Police Department Street Crime Unit conducted a warrantless search of both plaintiff's person and his dwelling located at 606 Riverleigh Avenue, Riverhead, NY 11901. During the proceeding, Sergeant Kiernan #29ISCU and John Doe #1 performed a warrantless visual/manual body cavity search of plaintiff in the backyard of his dwelling. The officers used excessive force in removing a cellophane baggie that was secreted in plaintiff's rectum. The officers used excessive force in placing handcuffs on the plaintiff, and he was lifted into the air by the officers and forced to bend over to facilitate the warrantless search. When plaintiff requested to see the search warrant he was forcibly punched in his abdomen.

-3-

15. During the warrantless search plaintiff was sexually assaulted and battered which resulted in injuries consisting of profuse rectal bleeding for 3-1/2 days and, and bloody spotting during bowel movements for an additional 10 days. Plaintiff believes he sustained a tear in his rectal area as a result of the sexual assault and battering during the warrantless search. Plaintiff suffered rectal pain persisted for 6 to 10 days. As a result of the assault and battery and sexual assault and battering, plaintiff suffers from chest pains, panic attacks, heart papatations, severe depression, nightmares, anxiety, lack of sleep even when provided sleep medication. Plaintiff suffers from homophobia, nervousness, paranoia, fear of re-occurrence, loss of self esteem, a sense of isolation and post-traumatic stress disorder.

## AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF PLAINTIFF'S 1st 4th, 5th and 14th CONSTITUIONAL AND DUE PROCESS RIGHTS, ILLEGAL 3rd PARTY SEARCH, AND WARRANTLESS SEARCH

16. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "15" as if more fully and completely set forth herein.

17. Upon information and belief on April 21, 2010, at approximately 3:40 - 4:00, Sergeant Kiernan, shield #205ISCU and John Doe #1, both plain clothed undercover detectives, initiated a search warrant on the vehicle belonging to plaintiff's mother Dorothy White, whose address was 101 Priscilla Avenue, Riverhead, New York 11901. The detectives approached the vehicle from behind shouting "freeze put it in park, put it in park". The driver put the vehicle in park. John Doe #1 immediately pulled plaintiff from rear passenger side of vehicle handcuffing him behind his back. Sergeant Kiernan removed plaintiff's minor child, Matthew Taylor (16) from vehicle on the rear drivers side handcuffing him also.

18. While the plaintiff and his minor child Matthew Taylor were being detained outside the vehicle another detective, VINCENT CAGNO #205ISCU, arrived at the scene driving a blue 4 door Crown Victoria. Additionally, a marked TOWN OF SOUTHAMPTON POLICE DEPARTMENT driven by John Doe #2 arrived at the scene. Defendant VINCENT CAGNO stood with JOHN DOE #1 who was detaining

plaintiff. Plaintiff asked the officers why they were there. Defendant JOHN DOE #1 stated that they had a search warrant. The officers asked plaintiff if he had a weapon or any sharp object on his person, to which he replied "no."

19. Defendant JOHN DOE #1 then conducted a search of plaintiff, removing the contents of plaintiff's pockets which contained a small quantity of marijuana, keys, a cell phone and cash. The contents were placed in a paper bag that defendant Vincent Cagno had given to defendant John Doe #1. Plaintiff's pockets were left exposed inside out of his pants. Defendant JOHN DOE #1 then conducted a full body pat down finding no narcotic drugs. Sergeant Kiernan then searched the minor child, Matthew Taylor, finding no contraband on his person.

20. John Doe #2 who arrived in the marked TOWN OF SOUTHAMPTON POLICE DEPARTMENT vehicle relieved Sergeant Kiernan who was detaining the minor child. Defendant SERGEANT KIERNAN then walked over to plaintiff and visually examined his genitals and buttocks. Defendant KIERNAN then pulled plaintiff's pants up well above his waist and conducted another pat-down which elicited no narcotic drugs. Defendant KIERNAN then asked the plaintiff, "where's the drugs?" Plaintiff denied having knowledge of any drugs other than the marijuana. Defendant KIERNAN then began to search the vehicle without permission beginning with the rear passenger seat where plaintiff was sitting. The plaintiff requested to see a copy of the search warrant. Defendant KIERNAN responded by stating, "We have one it's not TV," and continued to search the vehicle.

21. The driver who had been directed to stand at the front of the vehicle then walked to the rear and asked the defendant KIERNAN, "what was he doing?" Defendant KIERNAN responded, "that plaintiff may have thrown the drugs in your vehicle. He has weed!" The illegal search of plaintiff yielded a minuscule quantity of marijuana and no narcotic drugs. The illegal search of the vehicle yielded no marijuana and no narcotic drugs.

-5-

22. Upon information and belief at approximately 4:10 - 4:20 PM defendant KIERNAN entered the plaintiff's residence using plaintiff's house keys without permission or consent or presenting the search warrant. Plaintiff, Matthew Taylor, and the driver of vehicle were still being detained in the driveway.

23. Additional plain clothed detectives, approximately 8-10 police officers, who plaintiff believes were members of the TOWN OF SOUTHAMPTON POLICE DEPARTMENT arrived and entered the house. Plaintiff's niece Marrisa Brooks came upon the scene and parked in front of the house. As she spoke with plaintiff's mother (driver of the vehicle), defendant JOHN DOE #1 order her to leave or she would be detained. Marrisa Brooks left the area.

24. Approximately 20 minutes after defendant KIERNAN entered the house, exited the premises and told the driver of the vehicle to leave with plaintiff's minor 2 year old child who was still inside the vehicle. The driver requested that Matthew Taylor be uncuffed and permitted to leave. Defendant KIERNAN refused to do so at that time, but advised that Matthew Taylor would be released after the search was concluded.

25. Defendant KIERNAN handed defendant JOHN DOE #1 two blue rubber gloves, who then re-entered the premises. The driver was directed to leave, but the plaintiff requested that she stay as a witness to the warrantless search. The officers in the driveway stated they did have a warrant and directed the driver to leave. The driver retrieved a baby bag and diapers from the premises, which were then searched by defendant KIERNAN. Defendant KIERNAN then demanded the combination of a safe located inside the premises. The driver then left the premises with the 2 year old child, leaving plaintiff and Matthew Taylor in the driveway. At this point no warrant was presented, nor were any narcotic drugs found.

26. Upon information and belief on April 21, 2010 at approximately 5:30 pm about an hour after plaintiff's mother and 2 year old child left the premises, defendant KIERNAN exited the premises and demanded that plaintiff tell him where the drugs are.

-6-

27. The plaintiff was deprived of his rights, privileges and immunities secured to him under the Constitution of the United States, the laws of the United States and the laws of the State of New York, including but not limited to his rights under the 1st, 4th, 5th and 14th amendments to the U.S. Constitution, and his right to be free and secure in his person and to be free from search and seizure without probable cause or pursuant to a proper search warrant and to be free from punishment without due process and equal protection of the laws.

28. The plaintiff was damaged as a direct and proximate result of defendants' conduct.

## AS AND FOR A SECOND CAUSE OF ACTION IN VIOLATION OF PLAINTIFF'S CIVIL RIGHTS PURSUANT TO THE 4th, 8TH and 14TH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, INCLUDING FAILURE TO EXERCISE DUE PROCESS, USE OF EXCESSIVE FORCE AND POLICE MISCONDUCT.

29. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "28" as if more fully and completely set forth herein.

30. Upon information and belief on April 21, 2010 at approximately 5:22 pm, the defendant KIERNAN then ordered defendant John Doe #1 to, "get (plaintiff) him in the backyard and check his ass." Defendant JOHN DOE #1 walked plaintiff into the backyard away from Matthew Taylor who was standing in the driveway. When entering the backyard the defendant KIERNAN also ordered defendant JOHN DOE #1 to watch the neighbor's windows for witnesses. In order to obscure plaintiff from view, defendant JOHN DOE #1 then attempted to put plaintiff inside of storage shed in the backyard which was full and did not allow access. Defendant JOHN DOE #1 then turned plaintiff around and immediately pushed the handcuffs up forcing plaintiff to bend over. He then pulled down plaintiff's pants down exposing plaintiff's buttocks. Defendant JOHN DOE #1, used his foot to brace plaintiff and his free hand to separate plaintiff's buttocks to visually examine plaintiff's rectum to retrieve a cellophane baggie in plaintiff's rectum.

-7-

31. Defendant JOHN DOE #1 then alerted defendant KIERNAN that he found drugs in plaintiff's rectum. Defendant John Doe #1 then pulled up plaintiffs pants. At that time defendant KIERNAN placed a telephone call to the District Attorney telling the plaintiff he had a choice to get the drugs out himself and give them to him or the District Attorney, or the police would get a warrant to retrieve them at the hospital. Plaintiff then insisted that he see the search warrant which authorized his type of search.

32. The plaintiff was damaged as a direct and proximate result of defendants' conduct.

## AS AND FOR A THIRD CAUSE OF ACTION IN VIOLATION OF PLAINTIFF'S CIVIL RIGHTS PURSUANT TO THE 14TH, 8TH and 4TH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES, INCLUDING FAILURE TO EXERCISE DUE PROCESS OF LAW, CONDUCTING AN ILLEGAL SEARCH, SEXUAL BATTERY, EXCESSIVE FORCE AND POLICE MISCONDUCT.

33. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "32" as if more fully and completely set forth herein.

34. Upon information and belief on April 21, 2010 at approximately 5:28 pm defendant KIERNAN left the backyard and re-entered the premises. He then exited the premises and asked defendants CAGNO and JOHN DOE #1, "Did he get it?" Plaintiff believed that the officers were discussion the search warrant for a body cavity search and seizure. The defendant officers responded "NO."

35. Defendant KIERNAN left the premises porch leaving a masked plain clothes officer standing on the porch. Defendant KIERNAN stated, "Then we'll get it." Defendant KIERNAN and defendant JOHN DOE #1 then repeated the process of pushing the handcuffs up behind his back, forcing plaintiff to bend over. Defendants then pulled plaintiff's pants down around his ankles and was also punched in the abdomen when he offered some resistence. Defendant JOHN DOE #1 reach into plaintiff's buttocks and anus and forcible yanked the plastic baggie from plaintiff's rectum causing rectal bleeding and excruciating pain.

36. Instead of placing the baggie in an evidence bag, defendant JOHN DOE #1 dropped the baggie, down plaintiff's right pant leg. Defendant KIERNAN then released the pressure from the handcuffs

-8-

allowing defendant JOHN DOE #1 to pull up plaintiff's pants to around his waist. Defendant John Doe #1 then reached down and retrieved the baggie from plaintiff's pant leg and deposited the baggie in a paper bag that defendant CAGNO had extended to him. Defendant CAGNO witnessed the entire occurrence under the instruction and authority of defendant KIERNAN.

37. The plaintiff was damaged as a direct and proximate result of defendants' conduct.

### AS AND FOR A FOURTH CAUSE OF ACTION IN VIOLATION OF THE 14TH, 8TH and 5TH AMENDMENTS TO THE UNITED STATES CONSTITUION INCLUDING BUT NOT LIMITED TO CRUEL AND UNUSUAL PUNISHMENT, VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS and VIOLATION OF PLAINTIFF'S RIGHTS AGAINST SELF-INCRIMINATION.

38. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" as if more fully and completely set forth herein.

39. Subsequent to the incident hereinbefore alleged, on April 21, 2010, plaintiff immediately requested medical attention as a result of his injuries.

40. The request was denied by defendant KIERNAN, who stated to plaintiff, "No you're used to it." Plaintiff was then walked to a police vehicle parked in the driveway and was put inside the vehicle.

41. At that time the defendants gathered at the rear of the vehicle and surveyed the property taken from plaintiff and plaintiff's premises. Plaintiff observed the defendants weight the drugs on the trunk of the car. Defendant CAGNO then entered the driver's side of the vehicle and began to question. Plaintiff refused to answer any questions. Plaintiff observed defendant CAGNO writing on a pad of paper, and requested that the plaintiff sign the paper. The plaintiff responded numerous times that he was not going to sign the paper. Defendant CAGNO then advised KIERNAN that plaintiff refused to answer questions or sign the statement. Defendant KIERNAN removed plaintiff from vehicle and walked him to the rear of the vehicle where defendant CAGNO stood with the statement.

42. Defendant KIERNAN then threatened plaintiff's minor child Matthew Taylor with arrest and incarceration in exchange for plaintiff signing the statement. Defendant KIERNAN told plaintiff that Matthew Taylor would go to jail for everything found in the house if plaintiff refused to sign the statement.

43. Notwithstanding the fact that the statement was false and incorrect, plaintiff signed the statement to keep his son Matthew Taylor from being arrested and incarcerated. The defendants then indicated on another statement that he was given his Miranda warnings; which was not true. Again, defendants threatened the arrest and incarceration of Matthew Taylor if plaintiff did not acknowledge that he was given his Miranda warnings.

44. After signing both documents under duress, plaintiff was again handcuffed and finally given a chance to view the search warrant. The search warrant did not list a body cavity search, nor the vehicle owned by plaintiff's mother, nor for the minor child Matthew Taylor. Defendant JOHN DOE #2, who was detaining Matthew Taylor for most of the time, released him. Mattew Taylor walked over to plaintiff very upset and distraught. Plaintiff said goodbye to his son who was then taken from the scene by defendant JOHN DOE #2 in a TOWN OF SOUTHAMPTON POLICE DEPARTMENT vehicle.

45. The plaintiff was damaged as a direct and proximate result of defendants' conduct.

### AS AND FOR A FIFTH CAUSE OF ACTION IN VIOLATION OF THE 8TH and 14TH AMENDMENTS TO THE UNITED STATES CONSTITUION INCLUDING BUT NOT LIMITED TO CRUEL AND UNUSUAL PUNISHMENT and VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS.

46. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" as if more fully and completely set forth herein.

47. Upon information and belief on April 21, 2010 at approximately 5:40 PM, the plaintiff again requested medical attention at the scene and again was denied by defendants KIERNAN and CAGNO. A marked TOWN OF SOUTHAMPTON POLICE DEPARTMENT vehicle then transported plaintiff to TOWN OF SOUTHAMPTON POLICE DEPARTMENT station where he again requested medical attention. The plaintiff was refused medical attention by the transporting police officer and the desk sergeant at the station, who advised plaintiff that his care had to wait until the arresting officer arrived.

48. Plaintiff was pat-frisked again and put into a holding cell. Plaintiff realized he was bleeding from his rectum. When the arresting officer arrived several hours later, plaintiff made them aware of his injuries. Defendant JOHN DOE #1 stated, "I'll see what I can do." Defendant JOHN DOE #1 then pictured, fingerprinted and questioned plaintiff about guns and drugs then putting plaintiff back into a cell until the following morning of April 22, 2010.

49. When plaintiff was taken to his arraignment by the TOWN OF SOUTHAMPTON POLICE DEPARTMENT, he was remanded with no bail by Judge Kooperstein.

50. The plaintiff was indicted by the Grand Jury on a felony complaint and an incriminating statement, both of which the plaintiff claims were false. The felony complaint from the defendant detectives and the supplementary report from the same arresting detectives (Previously provided annexed to the original complaint), that contradict each other on where the drugs were found and what time they were found. The supplementary report contains false information, as to an oral admission and the fact that the defendants denied violated plaintiff's person by carrying out an assault and battery on plaintiff by conducting a body cavity search.

51. The plaintiff was damaged as a direct and proximate result of defendants' conduct.

-11-

## AS AND FOR A SIXTH CAUSE OF ACTION IN VIOLATION OF THE 6TH AMENDMENT TO THE UNITED STATES CONSTITUION INCLUDING BUT NOT LIMITED TO VIOLATION OF PLAINTIFF'S DUE PROCESS RIGHTS and MALICIOUS PROSECUTION.

52.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "51" as if more fully and completely set forth herein.

53.     Upon information and belief on July 12, 2010 plaintiff by his criminal counsel submitted particular demands, discovery demands and demands for discovery and inspection, as well as a motion to reduce and/or dismiss the charges to the District Attorney's Office and the Court, with a returnable date of July 26, 2010. The plaintiff then submitted supplementary motions on August 3, 2010 seeking pre-trial hearings with a returnable date of September 7, 2010.

54.     Judge F.X. Doyle submitted his decision on plaintiff's motions on September 29, 2010. Judge F.X. Doyle granted plaintiff's pre-trial hearings being for Mapp, Huntley and Dunaway hearings scheduled to commence on November 16, 2010. On that date November 16, 2010 the District Attorney failed to maintain readiness for trial. On that date the plaintiff, counsel and witnesses were present and ready to testify. The District Attorney cancelled the hearing without forewarning or written continuance by the Court. The District Attorney Andrew Hefferman then again made plaintiff an offer of the minimum sentence of a 2-4 year sentence. Plaintiff refused to accept offer demanding to commence Court granted pre-trial hearings. The Court then adjourned the matter to December 17, 2010 set for Mapp, Huntley and Dunaway hearings. The People again failed to maintain readiness for trial. Again the plaintiff, counsel and witnesses were present and ready to testify. On December 27, 2010 the People again cancelled, the Court adjourned the hearings inconveniencing witnesses who were present on behalf of the plaintiff. The People again caused a direct impedament in the failing to proceed to trial, and failing to be ready for trial.

55. On December 17, 2010, the People superceded the indictment #1147-2010, 259 days after the alleged commission of those crimes which led to the incarceration of plaintiff. The delay in proceeding in a timely manner violated the C.P.L. 30.30 speedy trial time limitation of 185 days. The People were well aware of plaintiff's intention to proceed to trial. The 259 day delay on indictment #3039-2010 charging plaintiff with 3 B felony sales and 3 B felony possessions should have been brought from the outset. This is in violation of the plaintiffs speedy trial right and his right to due process of prosecution which is guaranteed by the 6TH Amendment of the Constitution.

56. The plaintiff was damaged as a direct and proximate result of defendants' conduct.

## AS AND FOR A SEVENTH CAUSE OF ACTION IN VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS AND DAMAGES FOR MALICIOUS ABUSE OF LEGAL PROCESS.

57. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "56" as if more fully and completely set forth herein.

58. That defendants maliciously commenced and continued an criminal proceeding against the plaintiff.

59. That on May 25, 2012 all criminal charges pending against the plaintiff were discharged and dismissed by Judge F.X. Doyle, and that the Court indicated that the termination of the criminal charges and proceedings were in the plaintiff's favor pursuant to C.P.L §160.60, and that the arrest and prosecution be deemed a nullity, and that the plaintiff be restored to his position prior to the arrest and prosecution.

60. Probable cause or justification for the plaintiff's arrest and incarceration were lacking.

61. The plaintiff's person was interfered with and prejudiced by his arrest and prosecution.

62. That the plaintiff was not guilty of any culpable conduct which led or contributed to the actions of the defendants herein in any manner whatsoever.

-13-

63. The plaintiff was damaged as a direct and proximate result of defendants' conduct.

## AS AND FOR AN EIGHTH CAUSE OF ACTION IN VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS FOR FALSE ARREST AND IMPRISONMENT.

64. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" as if more fully and completely set forth herein.

65. The defendants by their actions individually and collectively intended to confine the plaintiff.

66. The plaintiff was confined to jail and/or prison from April 21, 2010 up to and including May 25, 2012, a period of almost two years, and was conscious of his confinement to his extreme detriment.

67. The plaintiff did not consent to the confinement in any way whatsoever.

68. The plaintiff's confinement was not otherwise privileged.

69. The plaintiff was damaged as a direct and proximate result of defendants' conduct.

## AS AND FOR A NINTH CAUSE OF ACTION IN VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

70. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "69" as if more fully and completely set forth herein.

71. That the conduct complained of herein by the plaintiff against the defendants was intentional and/or reckless.

72. That the conduct complained of herein by the plaintiff against the defendants was extreme and outrageous.

73. That the conduct complained of herein by the plaintiff against the defendants was intended to and did cause extreme emotional distress.

74. That the conduct complained of herein by the plaintiff against the defendants was the competent producing cause of the plaintiff's injuries.

75. The plaintiff was damaged as a direct and proximate result of defendants' conduct.

## AS AND FOR A TENTH CAUSE OF ACTION IN VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS FOR AN ASSAULT AND BATTERY UPON HIS PERSON.

76. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "75" as if more fully and completely set forth herein.

77. That the defendants by the actions herein complained of by the plaintiff, intentionally placed the plaintiff in apprehension and/or fee of imminent harmful or offensive conduct by touching the plaintiff without his permission or consent, or rightful legal authority in both a physically offensive and sexually offensive manner.

78. That the defendants by the actions herein complained of by the plaintiff did make physical contact with plaintiff.

79. That the defendants by the actions herein complained of by the plaintiff did make physical contact with plaintiff with intent.

80. That the defendants by the actions herein complained of by the plaintiff did make physical contact with plaintiff which was extreme, offensive and harmful in nature.

81. The plaintiff was damaged as a direct and proximate result of defendants' conduct.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION FOR NEGLIGENCE AGAINST THE TOWN OF SOUTHAMPTON and the TOWN OF SOUTHAMPTON POLICE DEPARTMENT UNDER 42 U.S.C. §1983.

82. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "81" as if more fully and completely set forth herein.

83. That at all times hereinafter mentioned the defendant police officers involved in the incident complained of herein were negligently hired, and or trained, and or supervised, or retained by the TOWN OF SOUTHAMPTON POLICE DEPARTMENT and/or by the TOWN OF SOUTHAMPTON.

84. That the acts complained of herein resulted from the defendant TOWN OF SOUTHAMPTON, though its agents servants and employees, who by which breached its duty to properly assign, train, supervise or discipline its law enforcement personnel, including assigning, training, supervision or disciplining individual police personnel, who unlawfully searched, arrested, detained, and who engaged in unreasonable, unnecessary and excessive and brutal force against the plaintiff.

85. That the defendant TOWN OF SOUTHAMPTON's failure to properly assign, train, supervise or discipline its police officers involved in this incident herein, constituted deliberate indifference to the Constitutional rights of plaintiff.

86. That the defendant TOWN OF SOUTHAMPTON acquiesced in and tolerated unconstitutional acts of defendant police officers which caused the defendants to believe that they could unlawfully search, detain, seize, arrest and batter the plaintiff with impunity.

87. By reason of the foregoing, the individual defendants individually and through defendants' agents, servants and employees failed and refused to use such care in the performance of their duties as a reasonably prudent law enforcement employee would have used under similar circumstances, which proximately caused plaintiff's injuries.

88. Acting under color of law and the authority of defendant municipality, defendant officers, intentionally, negligently and with complete and deliberate indifference for plaintiff's rights, caused plaintiff to be deprived of his constitutional rights, including but not limited to those rights arising out of

the 1st, 4th, 5th, 8th and 14th amendments by using a degree of force that was unreasonable under the circumstances andby subjecting plaintiff to punishment with the benefit of the oversight of a judicial authority.

89.   The defendant municipality its agents, officials and/or employees, under color of law, intentionally and with complete and deliberate indifference for plaintiff's rights, authorized, permitted and tolerated the custom and practice of the unconstitutional acts complained of by plaintiff herein relating to excessive force, illegal search and seizure, malicious prosecution, false arrest and other acts by members of the TOWN OF SOUTHAMPTON POLICE DEPARTMENT.

90.   That as a direct and proximate result of defendants' negligent, careless, reckless and/or intentional conduct, plaintiff was caused to sustain serous injuries and to have suffered severe pain, shock and mental anguish; that these injuries and their effects will be permanent; and as a result of said injuries plaintiff has been caused to incur and will continue to incur expenses for medical care and attention; and as a further result, plaintiff's normal activities and duties and has sustained a resultant loss therefrom.

91.   That because of the above stated, plaintiff MOHAMMED PROCTOR was damaged in an amount exceeding the minimal jurisdictional limits of this Court.

WHEREFORE, plaintiff demands judgment against the defendants on the FIRST through ELEVENTH CAUSES OF ACTION, in the sum of FIVE MILLION ($5,000,000.00) DOLLARS, as well as punitive damages due to the total disregard of plaintiff's constitutional rights in the sum of THREE MILLION ($3,000,000.00) DOLLARS, together with costs and disbursements of this action,

and for any and all such other and further relief as to this Court seems just and proper under the circumstances.

Dated:    New York, NY
                July 15, 2012

                                      *Stephen R. Krawitz*
                                      STEPHEN R. KRAWITZ, LLC
                                      By: Stephen R. Krawitz, Esq.(SRK8770)
                                      Attorneys for Plaintiff
                                      271 Madison Avenue, Suite 200
                                      New York, NY 10016
                                      212-682-0707

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MOHAMMED PROCTOR,                                ,        Docket No.: 10-CV-5981 (SJF)(AKT)

                Plaintiff,

                                       CERTIFICATION

      -against-

TOWN OF SOUTHAMPTON, TOWN OF SOUTHAMPTON
POLICE DEPARTMENT, VINCENT CAGNO #205ISCU,
SARGEANT KIERNAN #29ISCU, ERIC SICKLES, and
JOHN DOES 1-13,

                Defendants.
----------------------------------------X

    I, Stephen R. Krawitz, Esq., a member of the law firm of STEPHEN R. KRAWITZ, LLC, attorneys for the plaintiff herein, hereby make this certification regarding the contents of the AMENDED COMPLAINT annexed hereto. I am personally familiar with the facts and circumstances set forth herein.

    I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to the penalties of perjury.

Dated:     New York, NY
             July 15, 2012

                                                    *Stephen R. Krawitz*
                                                    STEPHEN R. KRAWITZ

## CERTIFICATION OF SERVICE

This is to certify that a copy of the plaintiff's AMENDED COMPLAINT has been mailed on this 20TH day of July, 2012, to the following counsel of record:

Jeltje deJong, Esq.
DEVITT SPELLMAN BARRETT LLP
Attorneys for Defendants
50 Route 11
Smithtown, NY 11787

                                              s/ Stephen R. Krawitz
                                              STEPHEN R. KRAWITZ