# DEVITT SPELLMAN BARRETT, LLP

## ATTORNEYS AND COUNSELLORS AT LAW

50 Route 111
Smithtown, New York 11787
Phone: (631) 724-8833
Fax: (631) 724-8010
Email: info@devittspellmanlaw.com

| | |
|---|---|
| THOMAS J. SPELLMAN, JR. | ANDRE N. POULIS |
| WILLIAM J. BARRETT | KENNETH M. SEIDELL |
| KEVIN M. SPELLMAN | JOHN M. SHIELDS |
| JELTJE de JONG | |
| DIANE K. FARRELL | STEPHAN D. TRACE |
| FRANCIS J. TIERNEY | KELLY E. WRIGHT |
| DAVID S. PALLAI | NICHOLAS M. BRINO |
| JOHN M. DENBY | CHARLES W. BORGHARDT |
| DAVID H. ARNTSEN | JOSHUA S. SHTEIERMAN |

| | |
|---|---|
| Retired | Of Counsel |
| JOSEPH P. DEVITT | THOMAS SICA |
| | STEFANIE AFFRONTI |
| | DEBORAH C. ZACHARY |

December 3, 2012

The Honorable A. Kathleen Tomlinson,
United States Magistrate Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re:     Proctor v. Cagno, et. al., Docket No:  10 CV 5981
        Discovery Status Letter

Dear Judge Tomlinson:

This letter is written in accordance with Your Honor's discovery order which requires the filing of a status letter three business days prior to the status conference.  I have spoken with plaintiff's counsel and it appears that there are discovery issues that require this Court's intervention.

## DISCOVERY STATUS

This case involves claims by the plaintiff that he was wrongfully arrested and prosecuted and subjected to excessive force during his arrest by Southampton Town Police Officers.  Plaintiff pled guilty to numerous counts of felony drug possession and was incarcerated as a result. Sometime thereafter, the Suffolk County District Attorney moved to vacate the criminal pleas and sentence of the plaintiff.  As a result, the Plaintiff was released and is no longer incarcerated.

The parties executed an unsealing order which was signed by the Criminal Court Judge some time during August, 2012.  The unsealing order was served with a subpoena upon the District Attorney's Office requesting production of plaintiff's criminal court records on September 30, 2012.  Assistant District Attorney Costello advised that due to the volume of documents in Mr.

Magistrate Judge A. Kathleen Tomlinson          December 3, 2012
United States District Court, Eastern District of New York

Re:     <u>Proctor v. Cagno, et. al.</u>
        Docket No:  10 CV 5981

Proctor's prosecution file, he would not be able to produce the documents until November 9, 2012.  I called the District Attorney's Office to inquire as to why we did not receive the documents on November 9, 2012, and was told that Superstorm Sandy was creating a delay.  I have called the ADA and have not received return phone calls.  I will keep trying to call prior to the upcoming conference date.

I advised plaintiff's counsel and we both agreed that we could not schedule the depositions of the parties until after we receive the documents and have an opportunity to review them.

<u>DISCOVERY DEMANDS AND RESPONSES:</u>

This Court's Case Management and Scheduling Order that discovery demands be made by August 31, 2012 and that discovery responses be served by October 3, 2012.  Defendants served interrogatories and document demands upon the plaintiff.  We received plaintiff's interrogatory responses and have <u>not</u> received any documents in response to our demands.  Additionally, the plaintiff has not served any discovery demands upon the defendants.

The parties met and conferred via telephone and determined that there were some issues that required this Court's intervention.  Plaintiff has agreed to supplement his response to interrogatory numbered 6, to identify to the treating professional of the Family Service League and provide a HIPAA compliant authorization and to provide HIPAA compliant authorization for plaintiff's pharmacy records.

Plaintiff claims that defendants' interrogatory numbered 10 is not a "proper inquiry".  Interrogatory no. 10 is as follows:  "Set forth the number of times plaintiff has been arrested.  For each arrest, set forth the charge plaintiff was arrested for, the date of arrest and the law enforcement agency making the arrest.  I advised counsel during our phone conference that I believed that I was entitled to that information to the extent that it reflected upon his damages claim, and especially his emotional distress claims.  Plaintiff disagrees.

In response to defendants' interrogatory numbered 11: "Set forth, giving specific facts, the manner in which the defendant deprived and/or stifled plaintiff's constitutional and/or statutorily –guaranteed rights; plaintiff responded see allegations in complaint.  It is respectfully submitted that such a response is not appropriate.  Plaintiff likewise responded to interrogatories numbered 15 and 16, concerning inquiry re what actions constituted excessive force and cruel and unusual treatment.

In response to interrogatories regarding facts alleged within plaintiff's complaint, to wit: the cellophane baggie that was secreted in plaintiff's rectum, plaintiff refused to answer on Fifth Amendment grounds.  Plaintiff also refused to answer the interrogatory regarding the amount of

Magistrate Judge A. Kathleen Tomlinson                    December 3, 2012
United States District Court, Eastern District of New York

Re:     Proctor v. Cagno, et. al.
        Docket No:  10 CV 5981


marijuana in his possession at the time of his arrest on Fifth Amendment grounds.  It is
respectfully submitted that the facts and circumstances surrounding the presence of cocaine in
plaintiff's rectum and the amount of marijuana in his possession at the time of his arrest are
relevant to the issue of probable cause.  If this Court should determine that this requested
information is not relevant to plaintiff's claims of false arrest and malicious prosecution, the
information requested is certainly reasonably calculated to lead to the discovery of admissible
evidence.  Lastly, plaintiff's use of the Fifth Amendment as a shield in this litigation where he is
seeking monetary damages, when all the criminal convictions were final and then vacated is
questionable.

Plaintiff has not responded to defendants' document demand, but advised orally during the
parties' meet and confer, that his client was waiting for a box of documents from the state prison
system.  I advised plaintiff's counsel that we would need to see that in writing in his response to
our document demands.  On or about November 12th plaintiff's counsel agreed to provide the
document demand response.  We have not received a written response to our document demand
to date.

Plaintiff has not served discovery demands upon the defendants.

The parties have agreed to schedule the depositions of the parties after they have had time to
review the documents that will be produced by the District Attorney's Office.  To the best of my
recollection, these are our current discovery issues.


                                  Respectfully submitted,

                                  DEVITT SPELLMAN BARRETT, LLP
                                  /S/
                                  Jeltje deJong

Cc:  Stephen Krawitz, Esq.
Attorney for the Plaintiff  (VIA ECF)