| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **CIVIL CONFERENCE** |
| **EASTERN DISTRICT OF NEW YORK** | **MINUTE ORDER** |

BEFORE:   A. KATHLEEN TOMLINSON          DATE:   12/7/2012
          U.S. MAGISTRATE JUDGE           TIME:   3:05 p.m. (32 minutes)

*Proctor v. Cagno, et al.*,
**CV 10-5981 (SJF) (AKT)**

TYPE OF CONFERENCE:          **DISCOVERY STATUS CONFERENCE**

APPEARANCES:    Plaintiff:     Stephen R. Krawitz

                Defendants:    Jeltje DeJong

FTR:   3:05-3:37

THE FOLLOWING RULINGS WERE MADE:

In advance of today's conference, and in compliance with my prior order of June 18, 2012, defendants' counsel submitted the required Discovery Status Report. I went over with the parties the outstanding issues set forth in that Report and issue the following rulings:

1. If defendants' counsel is unable to obtain the state criminal Court file for the plaintiff within the upcoming week, then I will issue an Order to the Suffolk County District Attorney's Office directing the immediate production of that file. In that instance, defendants' counsel should submit a proposed order to the Court. I have directed that counsel for the proposed order via e-mail to my Law Clerk, Lisa Sofio.

2. Plaintiff's counsel states that he does not have any documents responsive to defendants' discovery demands. Notwithstanding that fact, I have directed plaintiff's counsel to file a formal response to the demands served.

   It appears that plaintiffs counsel, to date, has not served any discovery demands and we are well beyond the deadline set forth in the Case Management and Scheduling Order. I am giving plaintiff's counsel a final opportunity to serve any relevant discovery demands by December 14, 2012 at the latest.

3. Plaintiff's confirmed that he has provided defendants' counsel with the name of the treating professional from the Family Service League.

4. Plaintiff's counsel is directed to provide information from his client regarding any arrests plaintiff has undergone within the five-year period prior to the filing date of the instant complaint, in response to defendants' Interrogatory No. 10. Plaintiff is to sign off on the interrogatory response as to its accuracy and completeness. The responses to be served on defendants' counsel within two weeks.

5. Plaintiff's counsel is to speak further with his client and to provide a substantive and complete response to defendants' Interrogatory Nos. 11, 15, and 16. The responses are to be served on defendants counsel within two weeks.

6. As to issues concerning any asserted emotional distress claims based upon the manner of the search conducted on the plaintiff, I have directed defendants' counsel to raise these issues with the plaintiff at his deposition. Counsel are expected to cooperate at the deposition. Any Fifth Amendment issues which arise at the deposition and cannot be resolved by counsel should result in the attorneys contacting this Court at that time to seek a ruling.

7. Plaintiff's counsel will provide the HIPAA authorization discussed today regarding the pharmacy utilized by the plaintiff.

8. I inquired of the parties what happened at the last conference before Judge Feuerstein. Apparently, the issue of the Case Management and Scheduling Order ("CMSO") previously entered by this Court did not come up. However, both parties are aware that Judge Feuerstein has set a pre-trial conference for January 15. The CMSO schedule goes beyond that date, so the parties will address this matter with Judge Feuerstein.

9. The deadlines set forth in the CMSO remain in effect for this Court's purposes, but the parties need to have been further discussion on this issue with Judge Feuerstein.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge