# DEVITT SPELLMAN BARRETT, LLP
## ATTORNEYS AND COUNSELLORS AT LAW
50 Route 111
Smithtown, New York 11787
Phone: (631) 724-8833
Fax: (631) 724-8010
Email: info@devittspellmanlaw.com

| | |
|---|---|
| THOMAS J. SPELLMAN, JR. | ANDRE N. POULIS |
| WILLIAM J. BARRETT | KENNETH M. SEIDELL |
| KEVIN M. SPELLMAN | JOHN M. SHIELDS |
| JELTJE de JONG | |
| FRANCIS J. TIERNEY | STEPHAN D. TRACE |
| DAVID S. PALLAI | KELLY E. WRIGHT |
| JOHN M. DENBY | NICHOLAS M. BRINO |
| DAVID H. ARNTSEN | CHARLES W. BORGHARDT |
| | JOSHUA S. SHTEIERMAN |
| Retired | Of Counsel |
| JOSEPH P. DEVITT | THOMAS SICA |
| | STEFANIE AFFRONTI |
| | DEBORAH C. ZACHARY |

February 21, 2003

The Honorable Sandra Feuerstein, U.S.D.C.J.
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

Re:   Proctor v. Southampton
        Case No.: 10-CV 5981 (SJF)
        Defendants' motions *in limine*

Dear Judge Feuerstein:

Jury selection with regard to the above referenced matter is scheduled to be held on March 11, 2013.  The parties have not yet served and filed a pretrial order in light of outstanding depositions of the defendants which are scheduled for March 4, 2013.

In an attempt to submit the motion *in limine* in accordance with this Court's rules, I am hereby requesting that this Court accept this letter as defendants' motions *in limine* prior to the filing of the parties' pretrial order.  In the event that plaintiff's counsel seeks to introduce evidence that is not addressed herein, defendants respectfully request the opportunity to address additional evidentiary issues following jury selection and prior to trial.

## GENERAL BACKGROUND

As a result of the execution of a search warrant, plaintiff was arrested by Southampton Town police officers on April 21, 2010 and charged with Criminal Possession of a Controlled Substance in the Third, Fourth and Seventh Degree, Unlawful Possession of Marijuana, two

counts of Criminally Using Drug Paraphernalia in the Second Degree and Endangering the Welfare of a Child.

Plaintiff's criminal defense attorney challenged the sufficiency of the facts in support of the search warrant. Following a hearing, the Honorable James F.X. Doyle upheld the search warrant and denied the plaintiff's (defendant therein) motion to suppress all evidence obtained as a result of the execution of the search warrant. Plaintiff was indicted by superceding indictment of twelve criminal counts, as follows: three counts of Criminal Sale of a Controlled Substance in the Third Degree, four counts of Criminal Possession of a Controlled Substance in the Third Degree, one count of Criminal Possession of a Controlled Substance in the Fourth Degree, one count of Criminal Possession of a Weapon in the Third Degree, two counts of Criminally Using Drug Paraphernalia in the Second Degree, and one count of Unlawful Possession of Marijuana. On July 13, 2011, by allocution in open court, the plaintiff pled guilty to the entire indictment. Plaintiff was sentenced and incarcerated in a state correctional facility.

On May 25, 2012 the conviction was dismissed, upon the District Attorney's consent pursuant to Criminal Procedure Law Section 440.10. The District Attorney's Office moved to dismiss the indictment pursuant to Criminal Procedure Law 210.40 in the interest of justice and Justice Doyle granted the people's motion. This motion was made because "certain facts have recently come to the attention of the district attorney's office regarding a police officer who participated in the investigation in this case." Following plaintiff's conviction, the police department and the District Attorney's Office became aware that the officer who secured the search warrant had likely become dependent on prescription pain killers, and perhaps was at the time. Had the people been aware of this issue, this would have had to have been disclosed to the criminal defense counsel. It was not disclosed since at the time that the plaintiff pled guilty, on July 13, 2011, the parties did not have that information.

Plaintiff commenced this litigation prior to his guilty plea by filing a complaint on December 17, 2010. The second amended complaint was filed on July 19, 2012. Plaintiff alleges false arrest and imprisonment, unlawful search and seizure, excessive force, cruel and unusual punishment, a Fifth Amendment violation, malicious prosecution, malicious abuse of process, intentional infliction of emotional distress, assault and battery, negligence and a Monell custom and practice claim against the Town of Southampton and its police department.

Defendants by their answer denied the allegations and interposed a qualified immunity defense in addition to other affirmative defenses.

## MOTION TO BIFURCATE

The plaintiff has requested the complete personnel files of the individually named police officers, including any complaints against them for unreasonable search and seizure, excessive force, and or failure to provide medical care. As a result of the plaintiff's demand, defendants have provided complaints that were served before the incident at issue and after the incident.

Pre-Incident Complaints:
Bradway v. Town of Southampton, James Kiernan, Officer Eric Sickles, Officer Vincent Cagno, et al: In this case plaintiff brings allegations on behalf of her deceased son alleging unreasonable search and seizure, excessive force, gross negligence, assault and battery, intentional infliction of emotional distress and wrongful death. Plaintiff died of acute cocaine intoxication while at the

hospital, eight hours following his arrest. The allegations stem from an arrest of Tony Bradway on drug possession charges June 9, 2008. The case was discontinued as a result of settlement between the parties.

Camacho v. Town of Southampton, Sgt. James Kiernan and John Doe Police Officers:  Plaintiff John Camacho commenced this suit alleging false arrest, malicious prosecution, excessive force and battery as a result of his arrest after having difficulty gaining entry into the "Bawdy Barn". Plaintiff withdrew his claims and discontinued with prejudice.

Post-Incident Complaints:
Chillemi v. Town of Southampton, Eric Sickles, James Kiernan and Thomas Tully (CV 12-3370)(Filed July 9, 2012):  Plaintiff's allegations of false arrest and conspiracy stem from an arrest of the plaintiff while on a work release program at Lincoln Correctional Facility.  Plaintiff pled guilty to the charges and served his sentence.  Plaintiff brought this suit after having served his full term and while again being incarcerated in federal prison. A motion to dismiss is currently before Judge Spatt and discovery has been stayed.

Bernard Cooks:  Mr. Cooks filed a notice of claim with the Southampton Town Clerk claiming that on January 19, 2011, the Town of Southampton, the County of Suffolk, the District Attorney's Office and John Doe falsely arrested claimant and violated his rights pursuant to 42 USC Section 1983.  He additionally claims negligent hiring, training and supervision, malicious prosecution, intentional infliction of emotional distress, and negligent infliction of emotional distress.

Stephen Vlahadamis:  Mr. Vlahadamis filed a notice of claim alleging that the Town of Southampton, James Kiernan, Kenneth Britt and Jane Harrigan violated his civil rights during October, 2011 by falsely arresting him, using excessive force and maliciously prosecuting him. He also claims failure to train and supervise the officers.

Kwame Opoku:  Mr. Opoku filed a notice of claim alleging false arrest, malicious prosecution, excessive force, wrongful conviction, negligence, abuse of process and violation of 42 USC Section 1983 against the Town of Southampton and its police department.  The claimant alleges that Sgt. Kiernan and Officer Sickles wrongfully caused his arrest on January 19, 2011.

Nathaniel Cooper:  Mr. Cooper filed a notice of claim on February 19, 2013 alleging that on January 19, 2011 he was falsely arrested and maliciously prosecuted.  He claims unlawful handcuffing, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent hiring, training and supervision of police officers, and abuse of process by the County of Suffolk, the Suffolk County Police Department, the Southampton Town Police Department, the Suffolk County District Attorney's Office and John Doe.

The Plaintiff will purportedly attempt to utilize the above complaints to make the jury aware of other possible incidents of false arrest, malicious prosecution and unlawful search and seizure by the individual police defendants herein.  In the event that this Court should allow testimony and other evidence to be submitted during the trial, it is respectfully requested that this trial be bifurcated pursuant to Fed. R. Civ. P. 42(b), such that the trial of the individual defendants occur first, and if any of the individual defendants are found liable by the jury, then the trial against the town begin immediately thereafter.

In this circuit, bifurcation is a "common practice" in civil rights cases. Williams v. City of New York, 2008 U.S. Dist LEXIS 104730 (E.D.N.Y.). This Court has the discretion to order separate trials in furtherance of convenience and to avoid prejudice and promote efficiency. In exercising its discretion, the court must consider whether bifurcation would 1) avoid unfair prejudice to a party, 2) provide for convenience and 3) be more economical. Carson v. City of Syracuse, 1993 WL 260676 (N.D.N.Y. 1993)  This Court could order bifurcation based upon just one of these factors. Ricciuti v. New York City Transit Authority, 796 F.Supp. 84 (S.D.N.Y. 1992). In this case, all three factors weigh in favor of bifurcation.

**PREJUDICE TO THE INDIVIDUAL DEFENDANTS:** In this case, the plaintiff should not be able to introduce evidence of prior bad acts by the individual officers in support of his claim against the individual officers. Amato v. City of Saratoga Springs, New York, 170 F.3d 311 (2d Cir. 1999); Vogelfang v. Riverhead County Jail, 2012 WL 1450560 (E.D.N.Y.); Phillips v. City of New York, 871 F.Supp.2d 200, 203 (E.D.N.Y. 2012); Daniels v. Loizzo, 178 F.R.D. 46 (S.D.N.Y. 1998).  Rule 404 or the Federal Rules of Evidence prohibits the introduction of evidence of wrongs or acts to prove the character of a person in order to show action in conformity therewith. Testimony regarding alleged prior bad acts will taint the trial against the defendants and no doubt contaminate the minds of the jurors. Carson, supra; Santiago v. City of New York, 1992 WL 116605 (S.D.N.Y. 1992); Amato, supra, Ricciuti, supra.

While presumably plaintiff will argue that this testimony will be introduced in support of his claim against the Town, the introduction of testimony regarding the individual officers' alleged prior mistreatment of other individuals will be extremely prejudicial to the individual defendants and will create confusion for the jury. See: Amato, supra; Ricciuti, supra; Phillips, supra. Only a bifurcation, would truly avoid the extreme prejudice which would be caused by the introduction of these alleged prior bad acts.

**IN FURTHERANCE OF CONVENIENCE:** A trial against the Town would be unnecessary if the jury determines that there is no liability against defendants Kiernan, Cagno and Sickles. City of LosAngeles v. Heller, 475 U.S. 796, 799, 106 S.Ct. 1571, 1573, 89 L.Ed.2d 806 (1986); West v. City of New York, 1996 WL 240161 (S.D.N.Y. 1996).  Litigation of the first issue could, therefore, very well obviate the need to litigate the second issue. Grant v. City of New York, 1993 WL 5834 (S.D.N.Y. 1993); Vogelfang, 2012 WL 1450560, *6.

**PROMOTE JUDICIAL EFFICIENCY:** As stated above, in order for the plaintiff to prevail on his Monell claim against the Town, he must show that the individual defendants inflicted a constitutional injury. Pitchell v. Callan, 13 F.3d 545, 549 (2d Cir. 1994). Because a second phase may not be necessary, many of the proposed witnesses will not be required to testify and the trial will be shorter in duration.

The possible testimony by plaintiff's witnesses regarding other incidents, will not be required if the individual defendants are successful, thereby saving the proceedings from additional "mini trials" regarding those prior incidents. See: Ismail v. Cohen, 706 F.Supp. 84, 86 (S.D.N.Y. 1989), aff'd, 899 F.2d 183 (2d Cir. 1990).

It is respectfully submitted, that because of the strong likelihood that the individual defendants will be prejudiced by a consolidated trial and because of the likely possible efficiency of separate trials in this case, bifurcation is not only appropriate but also, necessary.

## POST INCIDENT COMPLAINTS SHOULD BE EXCLUDED

Rule 404(b) provides that evidence of other crimes, wrongs or acts is not admissible to show actions in conformity therewith. Fed. R. of Evid. 404(b).  Additionally, Rule 402 requires that evidence must be relevant in order for it to be admissible.  Evidence which is not relevant is not admissible.

The five post incident complaints and notices of claim which are unresolved and still pending, have no relevancy to plaintiff's claims.  Pursuant to the Federal Rules of Evidence, these complaints cannot be introduced to prove character or action in conformity therewith.  They also cannot be introduced to establish a Monell claim that caused plaintiff's injury, because they were filed after the alleged incident.

Evidence of other bad acts must be offered for a proper purpose, the evidence must be relevant, the evidence must be substantially more probative than prejudicial.  United States v. Downing, 297 F.3d 52, 58 (2d Cir. 2002).   In this case, the post incident complaints are prejudicial to the defendants and will create confusion to the jury.  Respectfully, pursuant to Rule 403, these complaints should not be admitted during any phase of the trial.

## PLAINTIFF'S ALLEGED RECTAL INJURIES SHOULD BE EXCLUDED ABSENT TESTIMONY FROM A TREATING PHYSICIAN OR EXPERT

There is no evidence whatsoever that the plaintiff suffered from rectal tears or other physical injuries to his rectum.  Plaintiff cannot identify a doctor who provided such a diagnosis.  There are no medical records that indicate that the plaintiff suffered any known physical injury as a result of this arrest.  It is respectfully submitted that without a proper diagnosis by a doctor, the plaintiff cannot testify to what he believes the diagnosis was.

Additionally, plaintiff who is a diagnosed schizophrenic, claims more than the garden variety of emotional distress.  It appears that he will claim that in addition to other things, he suffers from post-traumatic stress syndrome.  It is respectfully requested that the plaintiff be precluded from testifying with regard to medical and psychological diagnosis without a treating physician's or expert's testimony (based upon medical records).

Lastly, during plaintiff's deposition, he refused to testify regarding facts relevant to the cellophane baggie which was located up his rectum.  He pled the Fifth Amendment in response to questions regarding when and how the baggie was inserted in his rectum, the size of the baggie, the material of the baggie and the contents within the baggie.  Because of this refusal, the defendants are unable to properly defend against plaintiff's damages claim.  I advised counsel for the plaintiff that I would move to preclude testimony regarding plaintiff's injuries because I was not able to explore the facts surrounding the placement and existence of the baggie within the plaintiff's rectum.

## REQUEST FOR ADDITIONAL BIFURCATION
## ON DAMAGES

Plaintiff claims humiliation, embarrassment, degradation as a human being, and violation of his self-dignity, loss of self-esteem and emotional stress.  In an effort to enable the jury to determine the extent of plaintiff's emotional distress damages, the defendants seek to introduce multiple past arrests and convictions which would show that the plaintiff had been incarcerated in the past.  These facts are necessary in order for the jury to reasonably determine the extent of plaintiff's humiliation, degradation, etc.

I concede that evidence of plaintiff's numerous arrests and convictions would prejudice the plaintiff during the liability phase, and therefore respectfully request that in the event that any defendant is found liable on any of the plaintiff's remaining claims, that the issue of damages also be bifurcated and addressed following the liability phases of the trial.

Thank you for your attentions to this matter and the courtesies extended herein.

Sincerely,

/S/

Jeltje deJong(JD/4452)

Cc:   Stephen Krawitz, Esq.  (VIA ECF)