UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MOHAMMED PROCTOR,

                Plaintiff,

   -against-

TOWN OF SOUTHAMPTON, VINCENT CAGNO,
SERGEANT KIERNAN, and ERIC SICKLES,         10-CV 5981 (SJF)

                Defendants.
------------------------------------------------------------------X

## CONFIDENTIALITY STIPULATION AND ORDER

      The parties to this action, having determined that certain documents and information produced or to be produced during discovery in this litigation should be kept confidential in order to protect the privacy interests of the parties and other persons, including non-parties to this action, and based upon this stipulation of the parties, and good cause for entering this Confidentiality Stipulation having been shown:

      **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned attorneys for the parties, by and between the parties themselves and ordered by this Court that the following procedures shall govern the production and use of all designated documents, testimony, and other information produced during discovery in this action:

### Definitions

      1.    "Document" includes all tangible written, recorded or graphic material, and intangible data files, such as magnetic computer files, whether produced or created by a party or another person, and whether produced pursuant to any state or federal discovery rules, by agreement or otherwise, and includes, without limitation, documents, interrogatory answers,

deposition transcripts and exhibits, trial transcripts or other court transcripts, pleadings, affidavits, declarations, affirmations or other filings and any portion of any of the above.

2. "Disclose" means show, divulge, reveal, produce, describe or transmit in whole or in part.

3. "Confidential information or documents" means any and all documents contained within the disciplinary files of the individual police officers named as defendants herein, any testimony regarding disciplinary matters involving the police officers named as defendants herein, documents regarding the plaintiff's arrest and criminal conviction history, and any other documents or testimony that the parties agree are sensitive in nature and should be deemed confidential.

4. "Third party" means any natural person, partnership, corporation or association, or other legal entity not named as a party to this action.

### Permissible Use of Confidential Information

5. Confidential information or documents may be disclosed only to those persons identified in "9" below. Any person obtaining access to confidential information in connection with this action shall use that information only in and for purposes of this action, and shall not use such confidential information for any other purpose, including the furtherance of the person's interests, or in any administrative or other judicial proceeding. If any person violates or threatens to violate any of the terms hereof, the aggrieved party may seek any appropriate relief from this or any other Court.

6. Confidential information or documents shall not be copied or reproduced for use in this action except to the extent such copying or reproduction is reasonably necessary to the conduct of this action, and all such copies or reproductions shall be subject to the terms of this

order. If the duplicating process by which copies or reproductions of confidential documents are made, all such copies or reproductions shall be stamped "CONFIDENTIAL" as appropriate.

### Designation of Confidential Information

7. A party may designate documents or information as confidential by placing on or affixing to a document containing such information the word "CONFIDENTIAL" on each page of the document.

8. A designation of confidentiality shall constitute a representation to the Court, made in good faith, that the information so designated constitutes Confidential Information as defined in this Order.

### Permissible Disclosure of Confidential Information

9. Confidential information may be disclosed only to:

   a) Southampton Town Board members, the parties themselves, and in open court as is reasonably necessary to the litigation in this action;
   b) Counsel to the parties to this action, including in-house counsel, outside counsel of record, and legal assistants, secretaries, staff or agents and consultants working with or for counsel in connection with this action to the extent reasonably necessary to render professional services in this action;
   c) Litigation support services;
   d) Persons expected to be deponents, trial witnesses and hearing witnesses in this action;
   e) Court officials involved in this action;
   f) Court reporting personnel involved in taking or transcribing testimony in this action;
   g) As may be required of the Town of Southampton employees by law.

10. Notwithstanding the provisions of paragraph "9" above, a person or party is free to disclose its own confidential information without restriction.

11. If litigation materials designated "Confidential" are to be included in papers filed with or otherwise disclosed to the Court, such papers shall be labeled "CONFIDENTIAL" and the party submitting such papers shall undertake all reasonable efforts to have the papers filed under seal or in camera and not disclosed to any person except as authorized by this Agreement, unless ordered by the Court.

12. If any person, including a party, in possession of litigation materials designated "CONFIDENTIAL" receives a subpoena compelling production or other disclosure of the confidential information, such person shall promptly give written notice to counsel for the other party, stating that confidential material is sought and enclosing a copy of the subpoena. Such written notice shall be given sufficiently in advance of the requested production date to the party that designated the information as confidential such that the party shall have an opportunity to object to production. If such objection is timely made, no production shall take place absent court order. In no event shall production or disclosure be made before notice is given.

13. Promptly after the conclusion of this litigation, all litigation materials designated "CONFIDENTIAL" and all copies or notes made therefrom shall be delivered to counsel for the party that produced them, or, at the request of such party, such litigation materials shall be destroyed and written assurance of their destruction shall be provided.

14. By this Agreement, the parties do not waive any right to object to any discovery or disclosure request or to seek any protective order on any grounds. The parties reserve the right to apply to the Court on notice at any time to seek a modification of this Order in the event that the parties cannot reach agreement.

15. The inadvertent production in the course of discovery in this action of any document or information shall not be deemed to waive whatever attorney-client privilege, work

product protection or other privilege or immunity that would otherwise attach to the document or information produced, as long as the producing party or person, promptly after discovery, notifies the other party or parties of the claim or privilege or other protection or immunity.  Upon such notice, the other party or parties shall promptly return the original and all copies of the privileged documents or information to the producing party.

16. This Agreement may be executed in counterparts, and facsimile signatures shall be valid and binding.

Dated:  Smithtown, New York
         March 6, 2013

Devitt Spellman Barrett, LLP              Stephen R. Krawitz, Esq.
Attorneys for the Defendants              Attorney for the Plaintiff

By____/S/_____               By_____/S/_____
   Jeltje deJong                             Stephen R. Krawitz

SO ORDERED,

_____
   A. KATHLEEN TOMLINSON,
   United States Magistrate Judge