UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
MOHAMMED PROCTOR,

                Plaintiff,                   **DEFENDANTS'**
                                              **PROPOSED**
        -against-                 **JURY CHARGE**

TOWN OF SOUTHAMPTON, VINCENT CAGNO,
SERGEANT KIERNAN, and ERIC SICKLES,         (SJF)

                Defendants.
-------------------------------------------------------------------X

        Pursuant to Rule 51 of the Federal Rules of Civil Procedure, defendants submit the within

proposed instructions for presentation to the jury at the close of this case.   The defendants

respectfully request that they be permitted to supplement or modify these proposed instructions

as may be necessary or appropriate after submission of all evidence or during conference with

this Court.

Dated: Smithtown, New York
       April 23, 2013

                                  DEVITT SPELLMAN BARRETT LLP
                                  Attorneys for Defendants TOWN OF
                                  SOUTHAMPTON, KIERNAN, CAGNO,
                                  And SICKLES
                                  50 Route 111
                                  Smithtown, New York 11787
                                  (631) 724-8833

                      BY:    _____/s/_____
                                  Jeltje deJong/4452

TO:    Stephen R. Krawitz, LLC
        271 Madison Avenue, Suite 200
        New York, New York   10016
(VIA ECF)

## 42 U.S.C. § 1983

The law to be applied in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their constitutional rights under color of state law.

§ 1983 of Title 42 of the United States Code states:

Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(Instruction 87-65)

## BURDEN OF PROOF

Plaintiff brings two claims pursuant to 42 USC Section 1983.  I shall shortly instruct you on the elements of plaintiffs' § 1983 claims.

The plaintiff has the burden of proving each and every element of his § 1983 claims by a preponderance of the evidence.  If you find that any one of the elements of plaintiff's § 1983 claims have not been proven by a preponderance of the evidence, you must return a verdict for the defendants.

(Instruction 87-67)

## ESSENTIAL ELEMENTS OF A § 1983 CLAIM

To establish a claim under § 1983, plaintiff must establish, by a preponderance of the evidence, each of the following three elements for each of his Section 1983 claim:

First, that the acts complained of were committed by a defendant acting under color of state law;

Second, that in committing these acts, the defendant intentionally or recklessly deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendants' acts were the proximate cause of the injuries sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

(Instructions 87-80)

## DEFINITION – ACTION UNDER STATE LAW

The first element of each of the plaintiff's claim is that the conduct complained of was committed by the defendants acting under color of state law.

Action "under color of state law" means that the defendants claim to be acting pursuant to authority given them by the state, even if they are misusing that authority.  The term "state" here also encompasses any political subdivision of a state, such as a county or city, and also any state, county or city agencies.

(Instruction 87-69)

The parties agree that Officers Cagno, Sickles and Lieutenant Kiernan were acting in their capacities as police officers with the Southampton Town Police Department at the time of the acts in question and were therefore acting under color of state law.

## DEPRIVATION OF A FEDERAL RIGHT

The second element of plaintiff's claim is that defendants, in committing the acts complained of, intentionally or recklessly deprived the plaintiff of a federal right.  In order for the plaintiff to establish the second element, he must show that those acts that you have found the defendants took under color of state law caused the plaintiff to suffer the loss of a federal right;

and, that, in performing those acts, the defendants acted with an intent to deprive the plaintiff of his rights or with a reckless disregard of those rights.

(Instruction 87-74)

## DEFENDANTS' STATE OF MIND UNDER SECTION 1983

I instruct you that, to establish a claim under Section 1983, the plaintiff must show that the defendants acted intentionally or recklessly.  If you find that the acts of the defendants were merely negligent, then, even if you find that any of the plaintiffs were injured as a result of those acts, you must return a verdict for the defendants.

An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence or other innocent reason.  If determining whether a defendant acted with the requisite knowledge, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief and disbelief with respect to those facts.

An act is reckless if done in conscious disregard of its known probable consequences.  In determining whether the defendants acted with the requisite recklessness, you should remember that while witnesses may see and hear and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind.  Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts.

The plaintiff claims that two distinct federal rights were violated by the defendants. Plaintiff claims that the defendants subjected him to excessive force during the search of his person and that the defendants subjected him to an unreasonable search.

## EXCESSIVE FORCE

The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested.  In other words a law enforcement official may only employ the amount of force reasonably necessary under the circumstances to make the arrest.

In the instant case, the plaintiff claims that he was subjected to excessive force by the defendants [*when he was subjected to a search*].  To determine whether the defendants' acts caused the plaintiff to suffer the loss of a federal right, you must determine whether the amount of force used, if any, to effect [*his search*] was that which a reasonable officer would have employed in effecting [a search] under similar circumstances.  In making this determination, you may take into account such factors as the severity of the crime at issue, whether the plaintiff posed an immediate threat to the safety of the defendant or others, and whether the plaintiff actively resisted arrest or attempted to evade arrest by flight.  However, you do not have to determine whether the defendants had less intrusive alternatives available, for the defendants need only to have acted within that range of conduct identified as reasonable.  If you find that the amount of force used was greater than a reasonable person would have employed, the plaintiff will have established the claim of loss of a federal right.

(Instructions 87-74C)

The plaintiff has claimed that while he was searched, he was assaulted by the defendant officers.  The defendants deny plaintiff's claim and further state that any amount of force used was minimal and reasonable in light of the surrounding circumstances.

If you find that the defendants were merely negligent, or merely acted with a lack of due care, or that you might not have used force in the same situation, there can be no recovery for the plaintiff because negligence or lack of due care do not establish a constitutional deprivation, and the standard is not governed by your own personal preferences.

## UNLAWFUL SEARCH CLAIM

The Fourth Amendment of the United States Constitution also provides in pertinent part:

> The right of the people to be secure in their persons . . . against
>
> unreasonable searches . . . shall not be violated.

The Fourth Amendment precludes officials from performing strip searches or visual cavity searches of arrestees charged with misdemeanors or other minor offenses unless officials have reasonable suspicion that the arrestee is concealing weapons or other contraband upon their person, based upon the crime charged, the particular characteristics of the arrestee, and/or the circumstances of the arrest.  *People v. Clayton*, 57 A.D.3d 557, 868 N.Y.S.2d 303 (2d Dept. 2008).

"Reasonable suspicion" has been defined as something stronger than a "hunch" but something less that "probable cause".  To establish reasonable suspicion, the officers involved must point to specific objective facts and rational inferences that they are entitled to draw from those facts in light of their experience. *Varrone v. Bilotti*, 123 F.3d 75, 79 (2d Cir. 1997); *Hartline v. Gallo,* 546 F.3d 95, 100 (2d Cir. 2008).  The factors that you may consider, among others, and to the extent you deem it appropriate, in determining whether the defendant officers

had reasonable suspicion at the time of the search to believe plaintiff had illegal drugs hidden on

her person include:

>    Excessive nervousness,

>    Unusual conduct,

>    Information showing pertinent criminal propensities,

>    Loose-fitting or bulky clothing,

>    Discovery of incriminating matter during less intrusive searches of their person
>    Or property,

>    Lack of employment or a claim of self-employment,

>    Evasive or contradictory answers to questions,

>    The crime charged, and

>    The circumstances of the arrest.

*United States v. Asbury*, 586 F.2d 973 (2d Cir. 1978), *Hartline, supra* at 101.

This list is not meant to be exhaustive and no factor is necessarily dispositive.  You may consider

any, all, or none of these factors in making your determination, nonetheless the list may be

helpful to you in reaching your decision.

The Fourth Amendment also provides that the physical removal of an object from a

person's rectum can only be done due to exigent circumstances or pursuant to a warrant allowing

or directing a manual body cavity search.   *Schmerber v. California*, 384 U.S. 757, 86 S.Ct. 1826

(1966).

The plaintiff maintains that the defendants did not have reasonable suspicion to believe

that he had contraband hidden on his body on April 21, 2010.  Plaintiff further maintains that the

defendants performed an unreasonable manual body cavity search.  Defendants admit that they

performed a search that included the rearranging of clothing, to wit: the pulling out of the

waistbands and lowering of plaintiff's sweatpants and that they performed a visual cavity search.

Defendants claim that they had reasonable suspicion to perform this search.  Defendants deny

that they performed a manual body cavity search.

## PROXIMATE CAUSE – GENERALLY

The third element which plaintiffs must prove is that the defendants' acts were the

proximate cause of the injuries sustained by the plaintiffs.  An act is a proximate cause of an

injury if it was a substantial factor in bringing about that injury and if the injury was a reasonably

foreseeable consequence of the defendants' acts.

A proximate cause need not always be the nearest cause either in time or in space.  In

addition, there may be more than one proximate cause of an injury or damage.  Many factors or

the conduct of two or more people may operate at the same time, either independently or

together, to cause an injury.

(Instruction 87-79)

Respectfully submitted,

DEVITT SPELLMAN BARRETT LLP
Attorneys for Defendants
50 Route 111
Smithtown, New York 11787
(631) 724-8833

By:_____/S/_____
        Jeltje deJong/4452